UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
POLINA GERTSKIS,                                                        :
:
                              Plaintiff,                  :                      13-CV-2024 (JMF)
:
               -v-                                     :                    OPINION AND ORDER
:
CITY OF NEW YORK DEPARTMENT OF HEALTH      :
AND MENTAL HYGIENE et al.,                                              :
:
                              Defendants.             :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__06/27/2014___

JESSE M. FURMAN, United States District Judge:

      Plaintiff Polina Gertskis, proceeding *pro se*, brings this action against various New York City agencies and employees, alleging violations of an even greater number of statutes.[1] This is not Plaintiff's first case in this Court. As discussed below, she has brought two prior cases addressing many of the same issues against many of the same Defendants. Moreover, in those cases and this one, she has brought a slew of frivolous motions and filed demonstrably improper appeals. Defendants now move to dismiss this suit pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, primarily on the ground that Plaintiff is precluded from relitigating her claims yet again. Citing Plaintiff's history of frivolous litigation, Defendants also ask the Court to enjoin Plaintiff from bringing additional lawsuits against them without leave of

---

[1]   Specifically, Plaintiff brings claims under Title 42, United States Code, Sections 1981, 1983, 1985, 1986, 1988; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34; the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97; the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, 8-502; the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) ("FOIA"); and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*.

Court.  For the reasons that follow, Defendants' motion to dismiss is GRANTED.  Additionally, Plaintiff is barred from filing certain future actions without leave of the Court.

## BACKGROUND

In reviewing a motion to dismiss pursuant to Rule 12(b)(1) or Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (Rule 12(b)(6)); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004) (Rule 12(b)(1)).  The Court may also consider documents of which it may take judicial notice, including pleadings, opinions, and other court filings in related lawsuits.  *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (taking judicial notice of a related district court decision); *see also Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 157 (1969) ("[W]e may properly take judicial notice of the record in [a prior] litigation between the same parties who are now before us.").  As the present case is not the first round of litigation between Plaintiff and Defendants, the following facts are drawn from the Second Amended Complaint, as well as judicial opinions and other filings from related lawsuits.

**A.  Litigation History**

Much of Plaintiff's litigation history is detailed in *Gertskis v. U.S. Equal Emp't Opportunity Comm'n*, No. 11-CV-5830 (JMF), 2013 WL 1148924, at *2-4 (S.D.N.Y. Mar. 20, 2013) ("*Gertskis II*"), familiarity with which is assumed.  Briefly summarized, Plaintiff was employed as an Assistant Chemist by the New York City Department of Health and Mental Hygiene (the "DOHMH") starting at some point in the early 1990s.  *See Gertskis II*, 2013 WL 1148924, at *2.  Plaintiff requested and was granted a leave of absence in 2006, and, in March 2007, she brought a lawsuit against the DOHMH and other defendants, alleging harassment and

various forms of employment discrimination.  *See id.*  By opinion dated March 26, 2009, the Honorable Thomas P. Griesa granted the defendants' motions for summary judgment and terminated the case.  *See Gertskis v. N.Y.C. Dep't of Health & Mental Hygiene*, No. 07-CV-2235 (TPG), 2009 WL 812263 (S.D.N.Y. Mar. 26, 2009) ("*Gertskis I*").

In 2010, after Plaintiff had been absent without leave for almost three years, the DOHMH took steps to terminate her.  *See Gertskis II*, 2013 WL 1148924, at *3.  Following a hearing conducted by the New York City Office of Administrative Trials and Hearings ("OATH"), pursuant to Section 75 of the Civil Service Law, Administrative Law Judge ("ALJ") Joan Salzman found that Plaintiff had been absent without leave from her job for over three years and that this misconduct justified termination.  (*See* 11-CV-5830, Docket No. 40, Ex. 2, at 15-16).

Thereafter, Plaintiff filed administrative charges of discrimination with the United States Equal Employment Commission ("EEOC"), pursuant to which she received Notice of Right to Sue letters.  *See Gertskis II*, 2013 WL 1148924, at *3.  On August 19, 2011, Plaintiff filed a second federal lawsuit.  In that suit — *Gertskis II* — Plaintiff asserted a "veritable potpourri" of claims against defendants from the New York City government, the federal government, and her former unions. *Id.*, at *1.  Plaintiff also moved to supplement her pleadings on January 22, 2013, alleging discrimination for the DOHMH's failure to re-hire her for various jobs to which she had applied after filing her initial complaint.  (*See* 11-CV-5830, Docket No. 93 ¶¶ 15-24).  On March 20, 2013, the Court dismissed the case, concluding that many of the claims were barred by *res judicata* by virtue of Judge Griesa's prior opinion in *Gertskis I.  See Gertskis II*, 2013 WL 1148924 at *6-7.  The Court also denied Plaintiff's motion to supplement on the ground that the proposed amendments would be futile.  *See id.* at *16-17.

3

**B. Procedural History**

On April 26, 2014, Plaintiff filed a notice of appeal from this Court's decision in *Gertskis II* (11-CV-5830, Docket No. 107), which she has since amended five times (11-CV-5830, Docket Nos. 116, 125, 126, 135, 139). Notwithstanding that appeal, which is still pending, she has also continued to file numerous applications in this Court for reconsideration or amendment of the judgment in *Gertskis II* (11-CV-5830 Docket Nos. 109, 114, 120, 136), which the Court has repeatedly denied, frequently reminding Plaintiff that because *Gertskis II* is on appeal, any relief must be sought from the Court of Appeals, not this Court, and that further frivolous applications may result in sanctions (11-CV-5830, Docket Nos. 111, 115, 122, 138). In addition, she brought the instant suit, which she commenced with the filing of the initial Complaint on March 26, 2013 — only six days after the Court's ruling in *Gertskis II* (and even before Plaintiff filed her initial notice of appeal). (Docket No. 1). She filed an Amended Complaint on July 19, 2013, naming as Defendants the DOHMH; Rose Tessler, an employee of DOHMH; Thomas Farley, the former commissioner of DOHMH; the New York City Department of Environmental Protection (the "DEP"); Carter Strickland, the former commissioner of the DEP; and ALJ Salzman (collectively, the "City Defendants"). (Docket No. 4).

On September 17, 2013, Defendants filed the instant motion to dismiss. (Docket No. 24). The following day, the Court ordered Plaintiff to file any amended complaint by October 18, 2013, and noted that Plaintiff would not be given any further opportunities to amend the complaint to address issues raised by the motion to dismiss. (Docket No. 27). On October 18, 2013, Plaintiff filed the Second Amended Complaint (the "SAC") — the operative complaint — in which she named eight new Defendants, including the United States, the EEOC, Kevin Berry, John B. Douglass, Stephanie D. Garner, the United States Department of Justice, and Karen L.

Ferguson (the "Federal Defendants"), as well as the City of New York. (Docket No. 29). Although the Court had not granted Plaintiff leave to add these additional defendants at the time of the amendment, it granted her such leave *nunc pro tunc* and instructed her to serve the new Defendants with the summons and SAC within 120 days. (Docket No. 34).

Before Plaintiff had served the newly named Defendants, however, she filed a letter indicating that she was voluntarily dismissing her claims against the Federal Defendants. (Docket No. 49). Accordingly, the Court terminated the Federal Defendants. (Docket No. 50). One week earlier, on November 25, 2013 the City Defendants indicated that they would rely on their previously filed motion to dismiss in response to the SAC. (Docket No. 47). On December 23, 2013, Plaintiff filed an affidavit "in support of default judgment against City of New York and in opposition to Defendants' motion to dismiss." (Docket No. 58). The Court initially treated this document as Plaintiff's opposition to the motion to dismiss, but after Plaintiff filed a letter indicating that the affidavit pertained only to one Defendant, the Court granted her another opportunity to oppose the motion to dismiss. (Docket Nos. 60-62). Plaintiff failed to submit any additional opposition papers by the deadline, however, so the Court now treats her December 23, 2013 affidavit as her opposition to the motion to dismiss.

## DISCUSSION

### A. Motion to Dismiss

In *Gertskis II*, the Court noted that Plaintiff made a "wide range of allegations in a confusing and disorganized fashion." *Gertskis II*, 2013 WL 1148924, at *6. The SAC here makes an even wider range of allegations in an even more disorganized fashion. Many of the allegations, however, relate to individuals and entities that are not Defendants in this action. In particular, the SAC asserts numerous claims against the "United States for federal defendants"

5

(SAC 4-13), but, as noted, Plaintiff voluntarily dismissed her claims against the Federal Defendants. She also asserts FOIA claims, based on documents that she allegedly requested from the EEOC and the Department of Justice, but neither of these agencies, nor any employees of the agencies, are Defendants in this lawsuit. (SAC 13-14). She also alleges assorted misconduct by her former union (*see, e.g.*, SAC 5-7), but no union was ever named as a Defendant in *this* case.

The only claims in the SAC against parties to this lawsuit are Plaintiff's claims against the City Defendants. For the most part, those claims relate to Plaintiff's termination by the DOHMH. Much of the SAC details "[n]ew evidence . . . confirm[ing] that [Plaintiff] was one of the first victims of the City's/Union discriminatory cleaning of white aged foreign born females" (SAC 22 ¶ 2), including information about "similarly situated older white females" who were also subject to discrimination (SAC 24 ¶ 7). Plaintiff also brings claims related to the procedures followed at her OATH hearing in 2010 (SAC 17-22), her failure to be rehired by the DOHMH in 2011 and 2012 (*see, e.g.*, SAC 27-28), and so-called "internet harassment" (SAC 12).

Those claims are almost entirely precluded. "Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and alterations omitted). Specifically, the doctrine applies where an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) involving the same cause of action; and (4) in a case involving the same parties or their privies. *See Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 222-23 (2d Cir. 2012). The doctrine precludes not only those claims that were raised in the prior action, but also those involving the same transaction or connected series

of transactions that "could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also, e.g.*, *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (per curiam).

Applying those principles here, most of Plaintiff's claims are precluded by the Court's opinion in *Gertskis II* (if not by *Gertskis I* as well). First, *Gertskis II* was resolved by a final judgment on the merits by a court of competent jurisdiction — namely, by this Court on motions to dismiss and for summary judgment. *See Gertskis II*, 2013 WL 1148924; *see also Overview Books, LLC v. United States*, 438 Fed. App'x 31, 33 (2d Cir. 2011) (summary order) (noting that a lower court's dismissal under Rule 12(b)(6) constitutes an adjudication on the merits); *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 352 n.9 (E.D.N.Y. 2010) ("Summary judgment dismissal is considered a decision on the merits for *res judicata* purposes.").

Second, Plaintiff's claims here involve the same cause of action as her prior lawsuit. In fact, most of Plaintiff's claims in this suit are identical to those she pressed in *Gertskis II*. The fact that Plaintiff argues that she has uncovered new evidence of discrimination does not affect the analysis or conclusion. *See Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991) (stating that, "[a]s a general rule, newly discovered evidence does not preclude the application of *res judicata*," unless the evidence "was either fraudulently concealed or . . . could not have been discovered with due diligence"). The only allegations in the SAC that are not connected to the allegations raised in the *Gertskis II* complaint are those related to Plaintiff's failure to be rehired by the DOHMH in 2011 and 2012. Plaintiff did, however, raise those claims in a motion to supplement the pleadings in *Gertskis II*, and the Court denied that motion on futility grounds, holding that the claims were not adequately pleaded to survive a motion to dismiss. *See Gertskis II*, 2013 WL 1148924, at *16. Those claims were therefore addressed in *Gertskis II* as well. *See*

*Casciani v. Town of Webster*, 501 Fed. App'x 77, 79-80 (2d Cir. 2012) (summary order) (holding that denial of leave to amend "constitute[d] a final judgment sufficient to preclude any claims contained in the proposed amended complaint" where the proposed amendment was denied as futile "because it 'could not [have withstood] a motion to dismiss for failure to state a claim'"); *see also United States ex rel. Pentagen Techs. Int'l Ltd. v. United States*, No. 00-CV-6167 (DAB), 2001 WL 770940, at *9 (S.D.N.Y. July 10, 2001) (applying claim preclusion based on the denial of leave to amend where the denial was based on the proposed amendment's futility).

Third, with two exceptions, Defendants in this case were either sued in *Gertskis II* or are in privity (for purposes of *res judicata*) with entities sued in *Gertskis II*. The eight Defendants in the instant case are DOHMH, Rose Tessler, Thomas Farley, the DEP, Carter Strickland, OATH, ALJ Joan Salzman, and the City of New York itself. Four of those Defendants — DOHMH, Tessler, Farley, and the City of New York — were specifically named as Defendants in *Gertskis II*.[2] Two others — DEP and OATH — are not actually suable entities; in a lawsuit complaining about the actions of a New York City agency, the proper defendant is the City of New York itself, which, as noted, was a party in *Gertskis II*. *See* N.Y.C. Charter ch. 17 § 396; *see also Morrison v. Dep't of Corr.*, 13-CV-2471 (JMF), 2014 WL 700477, at *2. Finally, Defendants Strickland and Salzman are in privity with the City of New York, at least insofar as they are being sued in their official capacities. *See John St. Leasehold, LLC v. Capital Mgmt. Res., L.P.*,

---

[2] Strictly speaking, New York City was not named as a Defendant in *Gertskis II*. Instead, Plaintiff sued DOHMH directly, and the Court did not substitute the City of New York in its place, instead dismissing the claims on other grounds. But because the proper defendant in such a situation is actually the City of New York, and because DOHMH was represented by the New York City Law Department, the Court considers the City of New York as having been a party in *Gertskis II*. *Cf. Berry v. N.Y. Dep't of Corr.*, No. 12-CV-7819 (RWS), 2014 WL 2158518, at *7 (S.D.N.Y. May 22, 2014) (noting that New York City agencies "lack[] . . . independent legal existence" from the City itself).

283 F.3d 73, 75 (2d Cir. 2002) (per curiam) (holding that, for *res judicata* purposes, FDIC employees sued in their official capacities were in privity with employer named in prior suit); *see also Dellutri v. Vill. of Elmsford*, 895 F. Supp. 2d. 555, 561 (S.D.N.Y. 2012) (quoting *Muhammad v. City of Peekskill*, 06-CV-1899 (KMK), 2008 WL 4452355, at *3 (S.D.N.Y. Sept. 30, 2008).

To the extent that Strickland and Salzman are being sued in their individual capacities, *res judicata* may not apply to them. *See Stancuna v. Sherman*, 563 F. Supp. 2d 349, 353 (D. Conn. 2008) (collecting cases suggesting that "[a] government official sued in his or her personal capacity . . . is not considered in privity with the government" (internal quotation marks omitted)). Nevertheless, Plaintiff's claims against these Defendants fail for other reasons.

First, with respect to Strickland, the SAC fails to state a claim, as it does not mention Strickland's name even once (other than in the caption) and does not state what actions he took that could possibly form the basis for personal liability. Second, any claims against ALJ Salzman are barred by the doctrines of issue preclusion and quasi-judicial immunity. Plaintiff appears to allege, pursuant to Sections 1981 and 1983, that Salzman violated her due process rights at the OATH hearing by preventing her from presenting witnesses and otherwise conducting an unfair hearing. (SAC 17-22). But the Court considered and rejected that very argument in *Gertskis II*, holding that although "Plaintiff asserts that the OATH hearing was unfair, as she was not allowed to present evidence and witnesses[,] [t]hat assertion . . . is belied by the ALJ's own Report and Recommendation, which reveals that the ALJ went to great lengths to accommodate Plaintiff despite her combativeness and lack of cooperation." *Gertskis II*, 2013 WL 1148924, at *9. Because "the issue in question was actually and necessarily decided in a prior proceeding," and there is no question that Plaintiff had "a full and fair opportunity to

litigate the issue in the first proceeding," *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005), issue preclusion applies.  In any event, because Plaintiff's claims against Salzman are based on her actions at the OATH hearing, they are barred by the doctrine of quasi-judicial immunity, which "bars claims against administrative law judges . . . performing judicial functions."  *Wetzel v. Town of Orangetown*, No. 06-CV-611 (SCR), 2010 WL 743039, at *15 (S.D.N.Y. Mar. 2, 2010) (internal quotation marks and citations omitted); *see also Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) (noting that absolute immunity "extends to administrative officials performing functions closely associated with the judicial process, because the role of the hearing examiner or administrative law judge is functionally comparable to that of a judge" (internal quotation marks omitted)).  Accordingly, all claims against all Defendants must be dismissed.

## B.  Defendants' Application for Sanctions

As noted, Defendants also request in their motion that the Court bar Plaintiff from filing future actions against them without leave of the Court.  (Defs.' Mem. Law (Docket No. 26) 24-25).  In *Gertskis II*, the so-called "Union Defendants" made an application to have Plaintiff enjoined from filing further suit against them without leave of the Court, but the Court denied that application, in part because Plaintiff had not received a warning that her conduct could result in such an injunction.  *Gertskis II*, 2013 WL 1148924, at *17.  The Court did warn Plaintiff, however, that "filing future suits based on the same facts and claims alleged here and in *Gertskis I* may result in such sanctions or an injunction."  *Id.*

At this point, the Court concludes that a litigation bar is warranted.  It is well established that "a district court may, in its discretion, impose sanctions against litigants who abuse the judicial process."  *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir.

10

2005) (per curiam) (internal quotation marks and alterations omitted).  In considering whether to restrict a litigant's future access to courts, courts consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (internal quotation marks omitted).  Here, the factors weigh in favor of granting Defendants' application.

As noted above, this is Plaintiff's third federal lawsuit arising out of her employment at the DOHMH.  Both of the previous lawsuits were unsuccessful and, in light of the Court's ruling in *Gertskis II* that many of Plaintiff's claims were barred by *res judicata*, Plaintiff cannot have had an objective good faith expectation of prevailing in the instant suit.  Plaintiff has imposed needless expense on the parties and the Court not only by commencing duplicative lawsuits, but also by filing numerous frivolous motions and appeals.  (*See* Docket Nos. 73, 67, 66, 60, 55, 53, 45, 38, 30).  Such motions include motions for default judgment (Docket Nos. 58, 28), motions to amend Court orders and remove "fraudulent" or "unwarranted" docket entries (Docket Nos. 43, 54), motions to stay proceedings (Docket Nos. 61, 51), and a motion for "relief that is barred by a pending appeal" (Docket No. 35).  Based on that history, the Court concludes that no other sanctions would be adequate to protect the courts and other parties from incurring further needless expenses.  In addition, by virtue of the Court's warning in *Gertskis II* and Defendants' request for an injunction in their memorandum of law, Plaintiff has received the requisite "notice and opportunity to be heard" on the matter.  *Truong v. Hung Thi Nguyen*, 503 Fed. App'x 34, 35 (2d Cir. 2012) (summary order).

At the same time, Defendants' proposed injunction — barring *all* suits against them without leave of Court — goes too far, as Plaintiff's abuses of the system have (thus far) been limited to litigating grievances relating to her employment by the DOHMH, the termination of her employment, and her failure to be re-hired by the City of New York.  Accordingly, Plaintiff is barred from filing future actions relating to those matters without first obtaining from the Court leave to file.  Any motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File."  Plaintiff must attach a copy of her proposed complaint and attach a copy of this Opinion and Order with each and any such motion.  The motion must be filed with the *Pro Se* Office of this Court.  Should the Plaintiff violate this Opinion and Order and file an action without first filing a motion for leave to file, the action will be dismissed for failure to comply with this Opinion and Order.  Plaintiff is warned that the continued submission of further frivolous documents may result in the imposition of additional sanctions, including monetary penalties.  *See* 28 U.S.C. § 1651.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss is GRANTED, and the SAC is dismissed in its entirety.  In addition, Plaintiff is barred from filing future actions relating to her employment by the DOHMH, the termination of her employment, and her failure to be re-hired by the City of New York without first obtaining from the Court leave to file.

The Clerk of Court is directed to terminate Docket No. 24, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Date: June 27, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge